NO. 12-97-00376-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


JOE ED BUNTON,                                            §     APPEAL FROM THE THIRD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

BASCOM BENTLEY, III,
APPELLEE                                                        §     ANDERSON COUNTY, TEXAS





OPINION ON REMAND
            A jury found Joe Ed Bunton guilty of defamation against Judge Bascom Bentley, III for acts
committed during a time period beginning almost ten years ago. On original submission in this
court, we affirmed the judgment against Bunton. Bunton v. Bentley, 12-97-00376-CV, 1999 Tex.
App. LEXIS 7947 (Tyler October 22, 1999). After review, a divided supreme court remanded the
case to this court to reconsider the excessiveness of the jury’s award of mental anguish damages. 
Bentley v. Bunton, 94 S.W.3d 561 (Tex. 2002). Upon remand to this court, we found that the
amount of mental anguish damages awarded to Bentley was excessive and suggested a remittitur in
the amount of $6,850,000.00. Bunton v. Bentley, 12-97-00376-CV, 2003 Tex. App. LEXIS 6835
(Tyler August 7, 2003). Bentley timely filed the remittitur. The supreme court again reviewed the
case. It ruled that Bunton is entitled to raise a claim that the punitive damages are unconstitutionally
excessive in light of the reduction of the compensatory damage award and remanded the case back
to us for our review of the exemplary damage award. Bunton v. Bentley, 153 S.W.3d 50 (Tex.
2004). We affirm the trial court’s judgment.
Background
            The jury awarded a total of $7,150,000.00 to Bentley for compensatory damages for Bunton’s
acts of defamation. After remittitur, the award for actual damages stands at $300,000.000. The jury
awarded Bentley $1,000,000.00 in exemplary damages. 

Applicable Law
            In order to avoid the imposition of grossly excessive or arbitrary exemplary damages, the
United States Supreme Court requires courts reviewing exemplary damages to consider three factors 
“(1) the degree of reprehensibility of the defendant’s misconduct; (2) the disparity between the actual
or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference
between the punitive damages awarded by the jury and the civil penalties authorized or imposed in
comparable cases.” State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418, 123 S. Ct.
1513, 1520, 155 L. Ed. 2d 585, 601 (2003). The reviewing court considers these factors to ensure
that exemplary damages are “reasonable and proportionate to the amount of harm to the plaintiff and
to the general damages recovered.” Id., 538 U.S. at 426, 123 S. Ct. at 1524. Each of these factors
must be reviewed de novo to ensure that exemplary damages are not grossly disproportional to the
gravity of the defendant’s conduct. Bunton, 153 S.W.3d at 54. 
            The most important of these factors is the degree of reprehensibility of the defendant’s
conduct. Campbell, 538 U.S. at 419, 123 S. Ct. at 1521. In determining reprehensibility, we
consider whether the harm caused was physical as opposed to economic, the tortious conduct
evinced a reckless disregard of the health or safety of others, the target of the conduct had financial
vulnerability, the conduct involved repeated actions or was an isolated incident, and the harm was
the result of intentional malice, trickery, deceit, or mere accident. Id. 
            The United States Supreme Court has “been reluctant to identify concrete constitutional
limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award.” 
Campbell, 538 U.S.at 424, 123 S. Ct. at 1524. However, in its discussion of ratios, it cited its past
approval, on two separate occasions, of a 4-to-1 ratio. Id., 538 U.S. at 425, 123 S. Ct. at 1524.

Discussion
            This case involves defamatory comments about an elected official, made repeatedly in a
public forum over a long period of time. Bunton accused Bentley of being corrupt and a criminal
who ought to be in jail. By corrupt, Bunton meant dishonest, unethical, shady, and unscrupulous. 
Bunton’s charges that Bentley was corrupt were false as a matter of law. Bentley, 94 S.W.3d at 590.
Bunton also accused Bentley of engaging in judicial misconduct, making improper campaign
contributions, and various other bad acts. The evidence that Bunton acted with actual malice in
defaming Bentley was clear and convincing. Id. at 602. As host of a cable television show, Bunton
was in a position to air his comments to the general public. As a local district judge, Bentley was
in a position to be harmed by those comments. We conclude Bunton’s repeated acts of defamation
constitute such reprehensibility as to warrant the imposition of exemplary damages.
            Turning to the second factor, we consider the disparity between the actual harm suffered and
the punitive damages awarded. Actual damages presently stand at $150,000.00 for damage to
Bentley’s character and reputation and $150,000.00 for mental anguish, for a total of $300,000.00
in actual damages. This is roughly a three and one-third to one ratio between punitive and
compensatory damages, which is within the Supreme Court’s accepted ratio. See Campbell, 538
U.S. at 425, 123 S. Ct. at 1524. 
            Regarding the third factor, a comparison of punitive damage awards imposed for similar
conduct, we conclude the award in this case is in line with other defamation cases. See Shearson
Lehman Hutton, Inc. v. Tucker, 806 S.W.2d 914 (Tex. App. – Corpus Christi 1991, writ dism’d)
(Plaintiff awarded $1,000,000.00 in exemplary damages for slander.); Frank B. Hall v. Buck, 678
S.W.2d 612 (Tex. App.–Houston [14th Dist.] 1984, writ ref’d n.r.e.) (Plaintiff awarded
$1,300,000.00 in exemplary damages for defamation.).

Conclusion
            Considering the above factors as instructed by the supreme court, we conclude the jury’s
award of one million dollars in exemplary damages is reasonable. 
            We affirm the trial court’s judgment as to its award of exemplary damages to be recovered
by Bentley from Bunton.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(PUBLISH)